UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TALMER BANK AND TRUST,
a Michigan banking corporation,

        Plaintiff,               Case No. 2:16-cv-13429-RHC-EAS

v                                     Hon. Robert H. Cleland

SHERWOOD PROPERTIES, INC., a
California Corporation, and BRADLEY
SHERWOOD, an Individual,

        Defendants.
_____/

| | |
|---|---|
| O'REILLY RANCILIO P.C. | HUBBARD SNITCHLER & |
| Joseph N. Ejbeh (P48961) | PARZIANELLO, PLLC |
| James J. Sarconi (P66101) | John A. Hubbard (P39624) |
| Attorneys for Plaintiff Talmer Bank | Attorneys for Defendants |
| 12900 Hall Road, Suite 350 | 719 Griswold Street, Suite 620 |
| Sterling Heights, MI 48313 | Detroit, MI 48226 |
| (586) 726-1000/Fax: (586) 726-1560 | (313) 672-7300 |
| jejbeh@orlaw.com | jhubbard@hspplc.com |
| jsarconi@orlaw.com | |

_____/

## STIPULATED ORDER APPOINTING RECEIVER

      A.    Talmer Bank and Trust (the "Plaintiff") filed this lawsuit seeking to recover outstanding amounts allegedly due and owing on a commercial loan granted to finance the purchase of an office building, now in default, made to Defendant

Sherwood Properties, Inc. (the "Borrower"), the obligations of which are guaranteed by Defendant Bradley Sherwood (the "Guarantor").

B.  Collectively Borrower and Guarantor shall hereafter be referred to as (the "Defendants").

C.  Plaintiff's Complaint also seeks to obtain the appointment of a receiver over the property, to operate the commercial property, to sell the commercial property, and to obtain a deficiency judgment.

D.  The real property is located in the City of Lathrup Village, County of Oakland, Michigan, and more fully described as follows (the "Property"):

> Lots 1785 through 1794, inclusive, LOUISE LATHRUP'S CALIFORNIA BUNGALOW SUBDIVISION NO. 3, according to the plat thereof as recorded in Liber 32, page(s) 26 of Plats, Oakland County of Records
>
> Tax Item No.: 24-13-359-063
> Commonly known as: 17550 West 11 Mile Road,

consisting of a two-front professional office building with basement having separate entrance doors for each of the two tenants.

E.  Plaintiff also filed a Motion/Brief for the Appointment of a Receiver over the property that is now pending before this Court.

F.  Plaintiff is the mortgagee of the Property pursuant to the Mortgage as attached to and referenced in Plaintiff's Complaint.

G. As further security for repayment of the Loan obligations owed to Plaintiff, the Defendant-Borrower executed an Assignment of Leases and Rents in favor of Plaintiff's predecessor in interest - now owned by Plaintiff. The Assignment of Leases and Rents provides, in part, an assignment to Plaintiff of all "the rents, profits and all other income under any and all existing and future leases (together with all guarantees of the performance of the tenants thereunder)" relative to the Property.

H. Prior to filing this Lawsuit, Plaintiff did exercise its statutory right of assignment of the leases and rents as afforded under Michigan law and contractually provided for in the Loan Documents, to receive and realize the rent roll generated by the tenancy of the Property that consists of two tenants. The tenants are presently paying rent directly to the Plaintiff that is being used for operating the Property and to pay down the Loan Balance.

I. As further security for repayment of Defendants' obligations to Plaintiff, the Defendant-Borrower executed and delivered to Plaintiff a Security Agreement granting Plaintiff a security interest in "all personal property and fixtures owned by Debtor or in which Debtor has rights, whether now or hereafter existing or acquired by Debtor and wherever located; and all proceeds and products of the foregoing."

J.  Plaintiff filed a UCC Financing Statement perfecting its security interest with the Michigan Secretary of State and the California Secretary of State.

K.  The appointment of a receiver over the Property, which is owned by the Defendants, is appropriate based upon the breach of the loan agreement and note, more fully described in Plaintiff's Complaint and Motion for Appointment of Receiver, and other documents, including, but not limited to the Mortgage, Assignment of Leases and Rents and Security Agreements executed in conjunction therewith (collectively, the "Loan Documents").

L.  The Defendants are in default of their obligations to Plaintiff under the terms of the Loan Documents, *inter alia,* by reason of their failure to pay all amounts due to the Bank upon the maturity of the Loan, their failure to pay real property taxes on the Property, their failure to maintain the Property in suitable condition so as to avoid waste, blight, hazardous conditions to the tenants and visitors and otherwise maintain the Property as required under the Loan Documents.

M.  For the reasons set forth above, the appointment of a receiver over the Receivership Property is appropriate, and consistent with the rights afforded to Plaintiff in the Loan Documents and as provided for under Fed. R. Civ. P. 66.

N.     Plaintiff and Defendants, by and through counsel, have held a meet and confer conference and have come to a consent agreement on Plaintiff's pending Motion to stipulate to the Appointment of a Receiver over the Property in this Order.

O.     The Court having reviewed the pleadings filed in this matter, having received this Stipulation and consent of the Plaintiff and Defendants and otherwise being fully advised in the premises:

**NOW THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED:**

1.     **Appointment of Receiver.** Steven E. Smith (the "Receiver"), is appointed as receiver for the Property and all payments, leases, rents, books and records, deposits, bank accounts and other personal property, tangible or intangible, that is used or usable or related to the Property and all Collateral (collectively, the "Receivership Property").

2.     **Possession and Control of Receivership Property.** The Receiver is authorized to immediately take possession and control of the Receivership Property, and manage, recommend and consummate the sale of all or any portion of same (subject to the approval of the Court), as deemed appropriate, and to otherwise exercise the powers and duties set forth in this Order. The Receiver is authorized to remove any principal, member, manager,

officer, employee, representative or agent of Defendants from control and/or management of the affairs of the Receivership Property.

3. **Actions in Furtherance of Possession and Control.** The Receiver is authorized to take any reasonable actions that it deems necessary or appropriate to take possession of, exercise full control over, to prevent waste and to otherwise preserve, manage, maintain, secure and safeguard the Receivership Property.

4. **Surrender of Receivership Property.** Defendants and their agents are directed to surrender all of the following relating to the Receivership Property to the Receiver, to the extent that they are in their possession, custody and control:

a. All keys and access codes necessary for the Receiver to obtain possession of and to manage the Receivership Property, as provided in this Order.

b. All documents and records useful in maintenance relating to the Receivership Property, including but not limited to, as applicable, building permits, plumbing and HVAC drawings, soil borings reports, surveys, environmental reports, architectural or design diagrams and building specifications.

c. All leases and other executory contracts, including all amendments, pertaining in any way to the Receivership Property.

d. All documents, books, records, computer files and records of Defendants concerning the finances, operation and management of the Receivership Property.

e. A list of all accounts payable and all details regarding same.

  f. All documents identifying pending litigation.

  g. All utility agreements.

  h. All rent rolls for the Receivership Property.

  i. Such other records pertaining to the operation of the Receivership Property as may be reasonably requested by the Receiver.

  j. All cash and deposits owned by or in the possession of Defendants, or their agents, relating to the Receivership Property, including security deposits.

  k. All plans and specifications, building permits, inspection reports, certificates of occupancy and other documents issued by any governmental agencies.

  5. **Powers and Duties of Receiver.** The Receiver shall be vested with and may discharge the following authority, powers and duties:

  a. The maintenance, security, operation and preservation of the Receivership Property.

  b. The assumption of control over the Receivership Property, including all security deposits and other cash collateral.

  c. The maintenance of one or more separate accounts, in the Receiver's own name, as Receiver for Defendants for the Receivership Property, from which the Receiver shall disburse all authorized payments, as provided in this Order.

  d. The preparation and maintenance of books, records and financial reports of the Receivership Property, including but not limited to operating and income statements, balance sheets, and all other statements prepared for the Receivership Property, and provide copies of them to the parties to this action through their counsel.

  e. The purchase of such insurance as the Receiver deems appropriate for the preservation and protection of the Receivership Property.

      f.      The receipt and endorsement of checks pertaining to the Receivership Property, either in the name of the Receiver or in the name of any Defendant, as applicable.

      g.      Taking such action as the Receiver shall deem necessary and appropriate, in his discretion, for the collection of any outstanding accounts receivable owing to Defendants relating to the Receivership Property.

      6.      **Access to Books and Records.** The Receiver shall permit the Plaintiff, its agents and counsel access to the Receivership Property at all reasonable times, to inspect the Receivership Property and the books and records of Defendants for the Receivership Property.

      7.      **Employment of Third Parties.** The Receiver is authorized, but not required to, all without recourse against the Receiver, to employ such attorneys, property manager, agents and others, as the Receiver may from time to time deem appropriate.

      8.      **Exercise of Powers Available Under Applicable Law.** Without limiting or expanding the foregoing, the Receiver is authorized to exercise all powers generally available under the laws of the State of Michigan, which may be incidental to the powers described in this Order, and to act on behalf of and in the name of Defendants as to the Receivership Property, as applicable, as the Receiver shall deem appropriate and necessary to fulfill its duties as to the Receivership Property.

9. **Further Instructions.** The Receiver shall have the right to apply to the Court for further instructions and authorization during the pendency of this action.

10. **Protective Advances.** Subject to the order of the Court, all reasonable advances to the Receiver made by Plaintiff for the benefit of the Receivership Property, together with any other reasonable costs and expenses incurred by the Receiver pursuant to this Order shall be deemed to be protective advances pursuant to the underlying promissory note executed in favor of Plaintiff, and shall be secured by Plaintiff's liens and Mortgage, and shall have priority over all claims and liens of all others claiming an interest in any of the Receivership Property.

11. **No Transfer of Title.** Nothing contained in this Order shall be construed to transfer title to any of the Receivership Property to the Receiver.

12. **Lien Priorities.** The rights and priorities of Plaintiff and any other parties with respect to the Receivership Property shall be determined in accordance with Michigan law, without regard to the provisions of this Order.

13. **No Waiver of Claims and Defenses.** Nothing contained in this Order shall enlarge or restrict the claims and defenses of Plaintiff or other parties claiming an interest, with respect to the Receivership Property.

14. **Compensation of Receiver and Agents.** The Receiver and all persons whose services are utilized by the Receiver shall be compensated at

their normal hourly rates. The Receiver shall be reimbursed for any reasonable out of pocket expenses incurred during the period of the Receivership concerning the obligations and duties set forth in this Order. The Receiver and his professionals shall provide counsel for Plaintiff and counsel for the Defendants a copy of their respective itemized statements on a monthly basis. The Receiver and his professionals may receive payment, without Court approval, provided no objections are received by the Receiver or his professionals, as the case may be, within seven (7) days after any such itemized statements are mailed the parties to this action, through their respective counsel. In the event one or more objections are timely filed, the Receiver or any other party may file a motion with the Court to determine the propriety of the fees sought or of the objection(s). The Receiver, and is professionals' general office administration, accounting and overhead shall not be charged against the income derived from the Receivership Property. The Receiver and any of his professionals shall be paid first from income derived from the Receivership Property and, next, by Plaintiff, but only to the extent that the income derived from the Receivership Property is insufficient to pay the Receiver and his professionals' compensation. All payments made by Plaintiff to the Receiver and its professionals shall be added to the indebtedness owing under the existing Loan Documents and shall be secured by the existing liens thereunder.

15. **Receiver's Reports.** The Receiver shall furnish to the Court and to all parties, through their respective counsel, monthly reports and statements accounting for all receipts and disbursements. The reports served upon counsel shall be submitted to the Court for its review *in camera,* and shall not be filed with the Clerk of the Court.

16. **Receiver's Bond.** The Receiver shall not be required to post a surety bond.

17. **Lawsuits against Receiver.** No person or entity shall file suit against the Receiver, or take other action against the Receiver, without an Order of the Court permitting the suit or action. Notwithstanding the foregoing, nothing in this Order shall serve to stay or otherwise enjoin any pending action to enforce lien rights, including but not limited to the foreclosure of mortgages encumbering the Receivership Property owned by Defendants, nor shall this Order in any way affect or expand any redemption rights held by Defendants, as applicable.

18. **Pre-Receivership Liabilities.** Neither Plaintiff, the Receiver nor the Receiver's agents shall be liable for any claim, obligation, liability, action, cause of action, cost or expense of Defendants' Receivership Property, the business operations of Defendants' Receivership Property arising out of or relating to events or circumstances occurring prior to this Order, including without limitation, any contingent or unliquidated obligations and any liability from the performance of

services rendered by third parties on behalf of Defendants for the Receivership Property, and any liability to which Defendants is/are currently or may ultimately be exposed under any applicable laws pertaining to the ownership, use or operation of the Receivership Property and operation of the business of Defendants as it relates to the Receivership Property [collectively all of the foregoing is referred to as Pre-Receivership Liabilities]. Neither Plaintiff nor the Receiver nor the Receiver's agents shall be obligated to advance any funds to pay any Pre-Receivership Liabilities. Notwithstanding the foregoing, with the prior written consent of Plaintiff (but not otherwise), the Receiver may fund Pre-Receivership Liabilities from funds collected from operation of the Receivership Property.

19. **No Personal Liability of Receiver.** The Receiver and its employees, agents and attorneys shall have no personal liability in connection with any obligations, liens or amounts owed to any of the creditors of Defendants for the Receivership Property, resulting from the performance of their duties pursuant to this Order, it being understood that the rights of each such creditor shall be determined in accordance with applicable law.

20**. Breaches by Receiver.** The Receiver and its employees, agents and attorneys shall have no personal liability in connection with any actions or activities taken or to be taken in furtherance of the performance of the Receiver's duties and

carrying out the responsibilities outlined in this Order, and they shall have no claim asserted against them relating to the Receiver's duties under this Order, except for those arising from intentional tortious acts, breaches of fiduciary duties, acts committed in bad faith, gross negligence, gross or willful misconduct, malicious acts, or the failure to comply with this Order or any other Order of the Court.

21. **Interference with Receiver's Duties.** The parties to this action, those in active participation or concert with them who receive notice of this Order, and those having claims against the Receivership Property who receive notice of this Order, are enjoined from interfering with the Receiver's actions in furtherance of performing the duties and carrying out the responsibilities outlined in this Order.

22. **Receiver as Fiduciary.** The Receiver shall faithfully discharge all of the duties outlined in this Order, and shall obey all other Orders of the Court. The Receiver shall be deemed a fiduciary for the benefit of all persons having or claiming an interest in the Receivership Property, and shall exercise his office accordingly.

23. **Commercial Reasonableness.** The Receiver's actions at all times shall be commercially reasonable, and the Receiver is subject to the personal jurisdiction of the Court.

24. **Acceptance of Appointment as Receiver.** The Receiver's duty to act in that capacity is subject to the written acceptance and approval of the terms of this

Order. Upon acceptance, the Receiver shall be bound by the terms of this Order, and all obligations imposed hereby.

25. **Resignation of Receiver.** In the discretion of the Receiver, the Receiver may notify the Court and the parties that the receivership is no longer practical. Upon such event, the Receiver's duties shall terminate thirty [30] days after filing the notice with the Court, followed by an Order of the Court terminating the receivership.

26. **Removal of Receiver.** The Receiver may be removed either: [i] thirty [30] days after filing of a written demand for removal signed by Plaintiff's counsel, and filed with the Court; or, [ii] in the Court's equitable discretion, upon a motion for cause. If the Receiver is removed, a successor receiver can be appointed by a stipulated order on behalf of the parties to this action. If the parties to this action are unable to agree on a successor receiver, the Court shall appoint a successor receiver, after a motion is filed by any party to this action requesting the appointment of same.

27. **Final Accounting.** Within thirty [30] days after the termination of the receivership for any reason, the Receiver shall submit a final accounting for approval by the Court, with copies to be furnished to the parties to this action. Provided no objections are received by the Receiver or his professionals, as the case may be, within seven [7] days after any the final accounting is mailed the parties to this

action, through their respective counsel, it shall be deemed approved. In the event one or more objections are timely filed, the Receiver or any other party may file a motion with the Court to determine the propriety of the fees sought or of the objection(s).

28. **Court Approval of Final Accounting.** Upon the Court's approval or the deemed approval of the Receiver s final accounting, the Receiver shall be discharged, and his bond canceled.

29. **Tax Returns.** The Receiver and its professionals shall not be responsible or required to, and shall not, prepare or file tax returns in connection with the Receivership Property or on behalf of Defendants interest in the Receivership Property, or otherwise wind down the business affairs of the Receivership Property.

30. **Lien Enforcement and Foreclosure Rights.** Nothing in this Order shall be construed to affect the rights of parties who have been granted mortgages or other liens upon Receivership Property owned by Defendants, including the right to commence or continue foreclosure proceedings, either judicially or by advertisement. No further Order of the Court is necessary for a mortgagee or lien claimant to commence a foreclosure, either judicially or by advertisement.

31. **Amendment of Order.** This Order may be amended, either upon the stipulation of the Receiver and the parties, or for cause, after a motion and hearing. No amendment to this Order shall affect the rights of persons or entities who are able

to demonstrate that they relied upon the pre-existing terms of this Order to their detriment.

32.   **No Prejudice.** This Order shall not prejudice the rights of any party to any claim, right or defense which they may have to Plaintiff's claims set forth in the Complaint.

**IT IS SO ORDERED.**

    S/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated:  December 6, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 6, 2016, by electronic and/or ordinary mail.

    S/Lisa Wagner
    Case Manager and Deputy Clerk
    (313) 234-5522

Approved for entry:

**O'Reilly Rancilio, P.C.**

/s/ Joseph N. Ejbeh
By: Joseph N. Ejbeh (P48961)
Attorneys for Plaintiff

**Hubbard Snitchler & Parzianello, PLC**

/s/ John A. Hubbard (w/consent)
By: John A. Hubbard (P39624)
Attorneys for Defendants